# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 02–3010         September Term, 2002
01cr00159–01

Filed On: June 13, 2003

UNITED STATES OF AMERICA,
APPELLEE

v.

RASHEED RASHAD, *A/K/A* MICHAEL THOMAS,
APPELLANT

**BEFORE**: GINSBURG, *Chief Judge*, and ROGERS and TATEL, *Circuit Judges*.

## *O R D E R*

It is **ORDERED,** by the Court, that the opinion of June 10, 2003, be amended as follows:

At page 2 of the slip opinion, delete "remanding" in line 10 of the first paragraph. Insert in lieu thereof "a remand in".

At page 2 of the slip opinion, delete "send the case back" in the last sentence of the first paragraph. Insert in lieu thereof "remand the record".

At page 5 of the slip opinion, insert "grant a" after "we should not" and insert "in" after "remand" in line 5 of the first full paragraph.

At page 5 of the slip opinion, delete "a case" in line 2 of the second full paragraph. Insert in lieu thereof "the record".

At page 5 of the slip opinion, delete "six" in line 12 of the second full paragraph. Insert in lieu thereof "a handful of".

At page 6 of the slip opinion, insert "the record in" after "remand of" in line 19.

At page 7 of the slip opinion, insert "the record in" after "remanding" in line 12 of the first full paragraph.

**Per Curiam**

**FOR THE COURT:**

Mark J. Langer, Clerk

BY:

Michael C. McGrail
Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued January 21, 2003       Decided June 10, 2003

No. 02-3010

UNITED STATES OF AMERICA,
APPELLEE

v.

RASHEED RASHAD,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 01cr00159–01)

*Michael S. Fried*, appointed by the court, argued the cause for appellant. With him on the briefs was *Daniel H. Bromberg*, appointed by the court.

*Thomas S. Rees*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Roscoe C. Howard, Jr.*, U.S. Attorney, *John R. Fisher* and *Thomas J. Tourish, Jr.*, Assistant U.S. Attorneys.

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before:  GINSBURG, *Chief Judge*, and ROGERS and TATEL,
*Circuit Judges*.

Opinion for the court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*:  Rasheed Rashad appeals his con-
viction on the ground that his lawyer's advice to reject a plea
offer constituted ineffective assistance of counsel.  Invoking
this court's procedure for cases in which the defendant raises
on appeal a colorable and previously unexplored claim of
ineffective assistance, Rashad with the aid of new counsel
seeks an evidentiary hearing in the district court.  The
Government argues that the limitation upon successive peti-
tions for habeas corpus contained in the Anti–Terrorism and
Effective Death Penalty Act counsels against a remand in this
case, and that further factual development of Rashad's claim
would be futile. We disagree and hence remand the record
to the district court for further proceedings.

## I.  Background

Rashad was the target of a sting operation involving "con-
trolled buys" by a government informant.  On two occasions
in 2001 the informant arranged to purchase cocaine from
Rashad while under surveillance by the Bureau of Alcohol,
Tobacco, and Firearms.  BATF agents recorded telephone
conversations in which Rashad set up the sales and they
equipped the informant with a hidden video camera and a
microphone to capture audio and video recordings of the
transactions.  At the culmination of the second deal, agents
arrested Rashad and recovered the agreed-upon amount of
cocaine.

The grand jury returned a 10–count indictment and the
parties entered into plea negotiations.  The record is silent as
to the details of the talks.  We know only, from the prosecu-
tor's statement at sentencing, that "[t]he plea paperwork
[was] drawn up, and it appeared as though this case would be
resolved.  [But] Mr. Rashad . . . had a change of heart."

Rashad's allegation of ineffective assistance emerges from
the shadows of the plea bargaining.  He claims his trial

counsel assured him that the evidence against him could not support a conviction and that he faced a maximum sentence of 10 to 15 years in prison. Rashad says he rejected the Government's plea offer based upon that advice.

At trial the Government presented the testimony of the informant and of several BATF agents, as well as the recordings of the transactions. The jury found Rashad guilty of two counts of distributing more than 50 grams of cocaine, in violation of 21 U.S.C. § 841, and of one count of distributing cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). The district court sentenced Rashad to 235 months in prison—almost 20 years—to be followed by 10 years of supervised release. With new counsel, Rashad appeals, claiming he was denied the effective assistance of counsel guaranteed under the Sixth Amendment to the Constitution of the United States.

## II.  Analysis

In order to succeed on a claim of ineffective assistance of counsel, a criminal defendant

> must show two things: that his lawyer made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that counsel's deficient performance was prejudicial, *i.e.*, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*United States v. Gaviria*, 116 F.3d 1498, 1512 (D.C. Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984)). Due to the fact-intensive nature of the *Strickland* inquiry and the likelihood, when a defendant asserts his sixth amendment claim for the first time on direct appeal, that the relevant facts will not be part of the trial record, *see Massaro v. United States*, 123 S. Ct. 1690, 1694 (2003) ("The evidence introduced at trial . . . will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the *Strickland* analysis"), this court's "general practice is to

remand the claim for an evidentiary hearing" unless "the trial record alone conclusively shows" that the defendant either is or is not entitled to relief. *United States v. Fennell*, 53 F.3d 1296, 1303–04 (D.C. Cir. 1995); *cf. Massaro*, 123 S. Ct. at 1696 (noting circumstances in which further factual development is unnecessary).

Rashad does not argue that he is entitled to relief upon the basis of the existing record; he wants an opportunity to put on evidence about the circumstances surrounding his plea negotiations. The Government responds, first, that Rashad should be required to pursue his claim in a petition for a writ of habeas corpus. Alternatively, the Government maintains that the present record conclusively establishes that Rashad was not prejudiced by the alleged errors of counsel.

A.

The Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a defendant's ability to file successive motions for habeas corpus relief as follows: "A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255. The Government suggests that a claim of ineffective assistance of counsel requiring factual development is no different from a collateral attack upon a conviction, and that to allow a defendant to litigate that type of claim on remand from the court of appeals, rather than requiring him to raise it in a § 2255 motion, permits the defendant to avoid the limitations of the AEDPA.

Although we have not previously addressed this precise argument, we have—in decisions post-dating the enactment of the AEDPA—recognized that unlike some circuits we generally do not require a defendant to raise an ineffective assistance claim collaterally. *See United States v. Todd*, 287 F.3d 1160, 1164 (2002); *United States v. Weaver*, 281 F.3d 228, 233–34 (2002); *United States v. Geraldo*, 271 F.3d 1112, 1115–16 (2001); *but cf. United States v. Richardson*, 167 F.3d 621,

626 (D.C. Cir. 1999) (directing defendant to pursue habeas petition because court could not resolve ineffective assistance claim on existing record; no indication that defendant sought or court considered remand).

The Government does not argue that we should abandon our practice in deference to the AEDPA. Rather, the Government would have us limit the practice to cases in which the ineffective assistance claim is not the sole issue on appeal; that is, we should not grant a remand in a case in which the defendant raised "no substantive issues about the conduct of the trial," lest we give him the functional equivalent of a habeas petition that would not count as his first bite at the apple under the AEDPA.

We see no justification for thus treating single- and multiple-issue appeals differently. If remanding the record to permit a defendant to litigate an ineffective assistance claim in the district court sidesteps the limitations of § 2255, then it does so regardless whether that claim was joined with other issues in the direct appeal. The most to be said for the Government's proposed approach is that it might reduce the opportunities for such "circumvention," but even that proposition is dubious. It is rare that appellate counsel, with a client determined to appeal, cannot find some purported error about which to complain; that is no doubt why in the past five years this court has received only a handful of motions pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967) (appointed counsel may withdraw only upon determination that appeal would be "wholly frivolous"). By the same token, we doubt that many defendants would be unable to meet the Government's multiple-issue requirement.

More fundamentally, we reject the Government's premise that our remand practice on direct appeal should be curtailed in order to give effect to the statutory restriction upon a defendant's ability to launch a second collateral challenge to his conviction. Our practice derives from the perceived unfairness of holding a defendant making a claim of ineffective assistance—for which new counsel is obviously a necessity—to the 7–day time limitation in Rule 33 of the Federal Rules

of Civil Procedure for filing a motion for a new trial. *See Weaver*, 281 F.3d at 234 ("[T]rial counsel cannot be expected to argue his own ineffectiveness in a motion for a new trial. . . . [O]ur practice of remanding to the district court for an evidentiary hearing has the effect of greatly extending [the Rule 33] time limit"). It would be inconsistent with the underlying purpose of our practice—eliminating a technical barrier to an ineffective assistance claim—to limit it to appeals raising multiple issues in order to shore up the procedural hurdle in § 2255. Indeed, the Second Circuit has cited the new restriction on successive habeas petitions in § 2255 as a reason for *not* requiring a defendant to bring an ineffective assistance claim under § 2255. *See United States v. Leone*, 215 F.3d 253, 256–57 (2000) ("given the simplicity of [the] ineffective assistance claim, we choose to exercise our discretion to remand to the district court for further fact-finding rather than to dismiss the appeal and force the appellant to use up his only habeas petition"). We conclude that remand of the record in a case raising ineffective assistance as the sole issue is appropriate if the trial record does not conclusively show whether the defendant is entitled to relief.

We would be remiss if we left this subject without mentioning the Supreme Court's decision, handed down after oral argument in this case, in *Massaro*, which raised the converse of the issue in this case: Does the failure of new counsel to raise the ineffective assistance claim on direct appeal bar the defendant from asserting the claim collaterally? The Court held that there is no bar, resting its decision in large measure upon the same consideration that underlies our remand practice, namely, that the trial record can not normally be expected to contain the evidence necessary to resolve an ineffective assistance claim upon direct appeal. *Massaro*, 123 S. Ct. at 1694. The Court had no occasion to address our practice of remanding such a case, but our approach is entirely consistent with its opinion.

### B.

The Government contends in the alternative that a remand is unwarranted in this case because the record conclusively

establishes that Rashad is not entitled to relief. The Government does not dispute that Rashad has alleged errors by trial counsel—understating both the strength of the Government's case and of Rashad's sentencing exposure—sufficiently serious to meet the first part of the *Strickland* test. Rather, the Government argues that Rashad has not shown a " 'reasonable probability' that he would have entered a guilty plea had his lawyer correctly advised him," or that his plea would have resulted in a more favorable sentence. *Gaviria*, 116 F.3d at 1512, 1513.

In the latter regard, the Government argues not only that Rashad has failed to proffer any evidence that his acceptance of the Government's plea offer would have resulted in a more favorable disposition for him, but also that as "the central actor in a lengthy plea negotation," he should be required to produce such evidence. At this stage, however, Rashad need not prove harm; the question is whether the record conclusively establishes that he could not do so if given the chance. Nothing in the record allows us to conclude that Rashad's sentence would have been the same or longer if he had accepted the Government's plea offer. The purpose of remanding the record in this case is to develop the record on precisely that point; at this juncture, Rashad's allegation that, but for his counsel's defective advice, he would have accepted and been better off with the plea offer, is sufficient.

Somewhat more compelling is the Government's contention that Rashad could not reasonably have relied upon the allegedly erroneous advice he claims to have received from trial counsel. In response to Rashad's complaints that his counsel mischaracterized the strength of the Government's evidence and understated the severity of the sentence that Rashad would face upon conviction, the Government cites transcripts of pretrial hearings indicating that Rashad knew (1) the Government had videotape evidence of him *in flagrante delicto* and (2) he faced a possible life sentence upon conviction. In light of this information, and Rashad's extensive experience as a criminal defendant—he had pleaded guilty to seven felonies in other cases—the Government argues that Rashad "cannot colorably contend that whatever counsel did or did

not say ... had any bearing on his knowing and voluntary decision that he now regrets."

Rashad's knowledge of the videotape would seem to make it difficult indeed for him to show that he was misled by counsel into believing the Government's evidence against him was weak. That Rashad understood his sentencing exposure, however, is far from clear. The Government cites a statement made by the district court at a status conference during a colloquy with the prosecutor about the need for a superseding indictment: "you certainly have plenty of transactions to justify sending this guy away for life." Assuming Rashad was even aware of the statement, which was not addressed to him, Rashad points out that the status conference occurred well after he had rejected the plea offer and just days before the trial. Therefore, we cannot say with the requisite certainty, based upon the record now before us, that Rashad was aware of his sentencing exposure when he decided to go to trial.

### III.  Conclusion

We hold that Rashad's request for an evidentiary hearing regarding his claim of ineffective assistance of counsel is procedurally proper, and that the Government has not adduced record evidence conclusively demonstrating that Rashad will not be able to support his claim of prejudice. We therefore remand the record to the district court for further proceedings consistent with this opinion.

*So ordered.*