# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 10, 2004       Decided January 21, 2005

No. 02-3010

UNITED STATES OF AMERICA,
Appellee

v.

RASHEED RASHAD, *A/K/A* MICHAEL THOMAS,
Appellant

———

Appeal from the United States District Court
for the District of Columbia
(No. 01cr00159-01)

———

*Daniel H. Bromberg*, appointed by the court, argued the cause and filed the briefs for appellant.

*Thomas S. Rees*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney, *John R. Fisher*, *Thomas J. Tourish, Jr.*, and *Daniel M. Cisin*, Assistant U.S. Attorneys.

Before: GINSBURG, *Chief Judge*, and RANDOLPH and ROGERS, *Circuit Judges*.

Opinion for the court filed by *Chief Judge* GINSBURG.

Dissenting opinion filed by *Circuit Judge* RANDOLPH.

GINSBURG, *Chief Judge*: Rasheed Rashad appeals the decision of the district court rejecting his claim to have received ineffective assistance of counsel. Rashad alleged his trial counsel never told him his sentence might have been reduced for accepting responsibility if he had pleaded guilty rather than going to trial. After an evidentiary hearing, the district court ruled that Rashad suffered no prejudice because he could not have pleaded guilty while maintaining his innocence to some of the charges against him. Because the district court seems not to have realized that it had the discretion to accept a guilty plea in these circumstances, *see North Carolina v. Alford*, 400 U.S. 25, 37 (1970), we reverse and remand the case for the district court to make additional findings of fact.

## I. Background

Rashad was arrested after selling crack cocaine to a government informant in two separate transactions, one of which was captured on videotape. Several days after his arrest, government attorneys showed Rashad the videotape and recounted all their evidence of his drug offenses with the goal of convincing him to plead guilty and to supply information regarding other individuals whom the Government was pursuing. Rashad refused to cooperate and instructed his counsel to start preparing for trial. The Government then filed an indictment that charged, in addition to the drug offenses, several weapons offenses pre-dating the drug transactions.

Some months later Rashad decided to cooperate. He admitted to the drug charges in the indictment and provided the Government with details of those and other crimes. Rashad also

provided information about various drug rings operating in West Virginia and in the Washington, D.C. area. At the same time, Rashad insisted he was not guilty of some of the weapons offenses with which he was charged.

Rashad was told he was well on his way to earning a downward departure from his presumptive sentence, pursuant to § 5K1.1 of the United States Sentencing Guidelines, for providing substantial assistance to the Government. When a government attorney told Rashad, however, that in order to qualify for a departure he might have to testify against his wife, he refused to cooperate any further. According to Rashad, he believed the only options he had were to plead guilty and cooperate with the government or to go to trial. When cooperation became unpalatable, he chose trial.

A jury found Rashad guilty of the drug charges but not guilty of the weapons charges, and the district court sentenced Rashad to 235 months' imprisonment. Rashad appealed, arguing that he had received ineffective assistance of counsel because his attorney had understated the strength of the Government's case against him and had never accurately informed him of his potential sentence if he was found guilty at trial. This court held that Rashad stated a valid claim of ineffective assistance and remanded the record to the district court for an evidentiary hearing. *See United States v. Rashad*, 331 F.3d 908, 911–12 (D.C. Cir. 2003).

Rashad, his wife, and his trial counsel testified at the hearing on remand. Based upon their testimony, the district court found that Rashad's trial counsel had in fact informed Rashad that the Government's case against him was strong and had encouraged him to plead guilty. Rashad also claimed his attorney was ineffective because he never told Rashad that by

pleading "straight up" -- that is, without having entered into a plea bargain with the Government -- he could get a reduced sentence pursuant to § 3E1.1 of the Guidelines for having accepted responsibility for his crimes. The court rejected that claim, however, on the ground that the alleged omission, assuming there was one, did not prejudice Rashad because he could not have pleaded guilty while insisting he was innocent of some of the weapons charges. The district court therefore held there was no basis for Rashad's claim to have received ineffective assistance of counsel.

## II. Analysis

On this appeal Rashad argues the district court erred in ruling that, as a matter of law, he could not have pleaded guilty and therefore could not have gotten his sentence reduced for having accepted responsibility for his crimes. According to Rashad, the district court's ruling is inconsistent with *Alford*, in which the Court held that an "individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. at 37.

According to the Government, however, the district court did not conclude Rashad was ineligible to plead guilty but merely stated that, under the facts presented, it would not have accepted Rashad's plea -- and that decision is within the discretion of the district court. In the alternative the Government argues that even if the district court did commit an error of law, Rashad is not entitled to relief because it is highly unlikely he would have obtained a reduction of his sentence for acceptance of responsibility.

A. Standard of Review

As a preliminary matter, the Government urges this court to review the decision of the district court only for "plain error" because Rashad "did not ... object to the district court's ruling on *Alford* grounds." Federal Rule of Criminal Procedure 51(a), however, provides that "[e]xceptions to rulings or orders of the court are unnecessary." All a defendant need do to preserve a claim of error (and, hence, to obtain the more favorable "harmless error" review) is inform the court and opposing counsel of the ruling he wants the court to make and the ground for so doing; he need not cite the particular case that supports his position. *See United States v. Rapone*, 131 F.3d 188, 197 (D.C. Cir. 1997); *United States v. Morgan*, 581 F.2d 933, 939 n.16 (D.C. Cir. 1978).

Rashad made his position clear in a pre-hearing submission to the court and at the evidentiary hearing: He argued that, had he received effective assistance of counsel, he would have pleaded guilty to all the charges and consequently would have received a shorter sentence for having accepted responsibility. That is sufficient to preserve for review his present claim of error. *See Morgan*, 581 F.2d at 939 n.16; *see also United States v. Rivera*, 192 F.3d 81, 84 (2d Cir. 1999).[*]

---

[*] Judge Randolph believes it is inappropriate for the court to consider Rashad's argument because Rashad did not present it to this court in his first appeal. The district court, however, without objection from the Government, considered Rashad's argument as within the scope of our remand and ruled on its merits. Our colleague suggests that is "of no moment" because the forfeiture rule is meant to conserve judicial resources. Had the district court rejected Rashad's argument on that ground, or had the Government advanced that argument on its own, Judge Randolph's view would have more force. Seeing that neither the district court nor the Government considered Rashad's

B.   Ineffective Assistance

On the merits the Government argues, first, the district court's ruling is consistent with *Alford* because the court concluded not that Rashad could not have pleaded guilty but rather that, under the circumstances of this case, it would not have accepted such a plea.  And that determination, according to the Government, should be reviewed only for abuse of discretion.

The district court is certainly not required to accept every guilty plea it is tendered, let alone the guilty plea of every defendant who maintains his innocence; indeed, the district court has considerable discretion to decide whether a guilty plea is appropriate in the circumstances of the particular case. *Alford*, 400 U.S. at 38 n.11; *see*, *e.g.*, *United States v. Shepherd*, 102 F.3d 558, 562–64 (D.C. Cir. 1996) (recognizing timing of guilty plea and prejudice to co-defendants relevant when deciding whether to accept guilty plea); *United States v. Preciado*, 336 F.3d 739, 743 (8th Cir. 2003) (affirming district court's rejection of guilty plea where defendant repeatedly changed his story, raising doubt about factual basis for plea); *United States v. Severino*, 800 F.2d 42, 45–46 (2d Cir. 1986) (not abuse of discretion for district court to reject guilty plea where defendant was untruthful in describing events).  It is clear from the record in this case, however, that the district court

argument forfeited, however, we do not believe judicial economy provides an adequate justification to raise, *sua sponte,* one party's failure to make an argument while ignoring the identical omission by the opposing party. *See United States v. Layeni*, 90 F.3d 514, 522 (D.C. Cir. 1996) (Government "waived the waiver argument" by failing to raise it at sentencing in district court).

thought it did not have discretion to accept Rashad's guilty plea. In response to Rashad's assertion that he would have pleaded guilty in order to seek a reduction of his sentence for acceptance of responsibility, the court stated:

> The problem with that position and the problem with arguing prejudice here is that Mr. Rashad says that he is not guilty. Therefore, *he cannot plead under the law* to several of the counts relating to that gun charge .... [H]e wouldn't have been eligible to plead because the Court would not ... accept a plea to something that he isn't willing to admit guilt. [Emphasis supplied.]

Apparently the district court believed that a defendant who maintains his innocence simply is not permitted to plead guilty, but that is not the law. *See Alford*, 400 U.S. at 37. Because the court thought Rashad was not "eligible to plead" guilty, the court did not go on to determine whether Rashad in fact would have made such a plea and whether the court would have accepted it. That was an error.

C. Prejudice

The Government argues that even if the district court did err, Rashad was not prejudiced thereby. Federal Rule of Criminal Procedure 11(b)(3) requires the court, before entering judgment, to "determine that there is a factual basis for the plea." If the defendant proclaims his innocence, however, the court must go further and determine that there is a "high probability of conviction" before accepting his guilty plea. *Bruce v. United States*, 379 F.2d 113, 119 (D.C. Cir. 1967). Here, according to the Government, the district court would likely have rejected Rashad's plea because the Government's evidence with respect to the disputed weapons charges (all

dating to September 15, 2000), although "sufficient for conviction, ... was not strong," as "there was no videotape or other forensic evidence supporting" those charges.

The Government's evidence on those weapons charges, although it did not persuade the jury of Rashad's guilt beyond a reasonable doubt, was not so sparse that it would have been an abuse of discretion for the district court to have accepted a guilty plea from the defendant. For example, a government informant testified at trial that Rashad had personally sold him a firearm in mid-September, 2000, as charged. We need not rehearse all the evidence here, however; for we must leave it to the district court in its discretion to determine whether the evidence was sufficiently strong to justify an *Alford* plea.

The Government also argues that, even if Rashad had offered and the district court had accepted a straight-up guilty plea, it is highly doubtful the district court would have reduced Rashad's sentence on the ground that he had accepted responsibility for his crimes. Here the Government cites comment 3 to § 3E1.1 of the Sentencing Guidelines, which provides: "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." Comment 5, on the other hand, reminds us that "[t]he sentencing judge is in a unique position to evaluate the acceptance of responsibility," and for that reason the sentencing judge's determination "is entitled to great deference on review." In this case, of course, the district court never made that determination and so the proper course is for us to remand the case for the district court to determine whether it would have accepted Rashad's plea and, if so, whether it also would have reduced his sentence for having accepted responsibility.

Finally, the Government claims it "likely would have

opposed" Rashad's plea -- let alone his motion for a reduction of sentence -- and "could well have" filed additional charges against Rashad, thus "put[ting] the prospect of a 'straight up' plea out of reach." But the Government's opposition would not have been dispositive; a reduction for acceptance of responsibility under § 3E1.1 -- unlike a reduction for substantial assistance under § 5K1.1, which requires the support of the Government -- "is directed to the defendant's affirmative recognition of responsibility for his own conduct," as determined by the district court. Sentencing Guidelines § 5K1.1 cmt. 2.[**] Meanwhile, the Government's speculation that it might have brought additional charges does not bear upon whether Rashad was prejudiced by his trial counsel's failure to tell him he had the option of pleading (or attempting to plead) straight up to the charges the Government actually brought against him.

## III. Conclusion

In sum, the district court erred as a matter of law when it determined Rashad was not eligible to plead guilty because he asserted his innocence to some of the charges against him. Therefore, we remand this case to the district court for further proceedings consistent with the foregoing opinion.

*So ordered.*

---

[**] The version of § 3E1.1 in effect when Rashad committed his offenses permitted the district court to reduce a defendant's sentence by three levels for his acceptance of responsibility regardless whether the Government objected to the reduction of sentence. Under the 2003 amendments to the Sentencing Guidelines, the district court may still grant a two-level reduction, but the third level may be granted only "upon motion of the government."

1

RANDOLPH, *Circuit Judge*, dissenting: In 2003, when we heard Rashad's direct appeal from his criminal conviction, he gave two, and only two, grounds for his claim of ineffective assistance of counsel: (1) his attorney underestimated the strength of the government's case, and (2) his attorney misadvised him about the potential sentence he faced. *See United States v. Rashad*, 331 F.3d 908, 909 (D.C. Cir. 2003). Because the factual validity of these contentions was unclear, we remanded "the record" to the district court for an evidentiary hearing. 313 F.3d at 912. Under our rules, we therefore retained jurisdiction over the case. *See* D.C. CIR. R. 41(b); *United States v. Williams*, 754 F.2d 1001, 1002-03 (D.C. Cir. 1985).

The district court fully discharged the duty we imposed on it. After an extensive hearing, at which both Rashad and his trial attorney testified, the court found that the attorney correctly advised Rashad about the strength of the government's case and about how much time Rashad might serve if he were convicted. When the record returned to us, Rashad argued neither of these grounds. Instead he raised an entirely new one, claiming that his attorney never told him that if he pleaded guilty to the charges "straight up," he might receive a reduced sentence for accepting responsibility pursuant to § 3E1.1 of the Guidelines. The district court made no findings about whether Rashad's trial attorney ever advised him about § 3E1.1, so my colleagues decide to send the case back again for findings on this new claim. I would reject the claim outright because Rashad did not raise it in his original appeal and because we remanded the record only for findings on the two claims Rashad has now abandoned.

When "an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Northwestern Indiana Tel. Co. v.*

*FCC*, 872 F.2d 465, 470 (D.C. Cir. 1989). The "rule serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later remands and appeals. *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 740 (D.C. Cir. 1995)." *Hartman v. Duffey*, 88 F.3d 1232, 1236 (D.C. Cir. 1996). It is of no moment that the government has not made this argument. As we recognized in *Hartman*, the rule is meant to conserve judicial resources, not to confer some right on the government that it may waive by not arguing the point. *See United States v. Pryce*, 938 F.2d 1343, 1348 (D.C. Cir. 1991); *id.* at 1351 (Randolph, J., concurring). There is all the more reason to invoke the remand rule in a case such as this. Our practice is to allow a defendant, on direct appeal from a criminal conviction, to claim ineffective assistance of counsel despite the defendant's failure to do so in the district court, and to remand for an evidentiary hearing if the record does not permit resolution of the claim on appeal. Other circuits would force a defendant in these circumstances to file a "habeas" petition under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Weaver*, 281 F.3d 229, 234 (D.C. Cir. 2002); *United States v. Geraldo*, 271 F.3d 1112, 1116 (D.C. Cir. 2001). In effect, then, our practice serves as a substitute for habeas. Congress has imposed severe limitations on successive habeas petitions. *See* 28 U.S.C. §§ 2244(b)(1), 2255; *United States v. Vargas*, No. 03-3105, 2004 WL 2937252 (D.C. Cir. Dec. 21, 2004). Rashad's new ineffective assistance claim is analogous to a successive habeas petition and it too should be disallowed for similar reasons -- namely, to prevent repetitive litigation and delay. *See, e.g., Rodwell v. Pepe*, 324 F.3d 66, 72 (1st Cir. 2003).

Even if we may reach Rashad's new claim, I would reject it. It is no wonder that the district court made no findings on the question whether Rashad knew his sentence might be reduced for acceptance of responsibility if he pleaded guilty without a

plea deal. That question was not within the scope of our remand and was not litigated. We remanded the record only for findings on Rashad's original ineffective assistance contentions. This is doubtless why, at the evidentiary hearing, neither Rashad nor his attorney was ever asked about whether Rashad received advice regarding acceptance of responsibility. As to whether Rashad knew he could plead "straight up," it is clear that he did know and that his attorney so advised him. Rashad testified that the government's final plea offer was for him to plead to the indictment. When the court asked "The plea was straight up to the indictment?" Rashad answered "Yes." A few moments later Rashad explained that he rejected the offer, "feeling, you know, why plead to the entire indictment."

I believe my colleagues also misunderstand the district court's findings, delivered orally. The majority opinion quotes one of the court's statements and concludes that the court thought, incorrectly, that a defendant who maintains his innocence cannot plead guilty. Whatever the court had in mind, and in context this is far from clear, it had no effect on the court's ultimate conclusion that Rashad's attorney provided effective assistance. Under *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984), a defendant cannot prevail on an ineffective assistance claim unless he shows not only that "counsel's representation fell below an objective standard of reasonableness," but also that counsel's deficiencies were prejudicial. Before making its statement about the likelihood of Rashad pleading guilty, the court found that Rashad's attorney had in fact advised him correctly about sentencing and the government's case. That was enough to reject Rashad's ineffective assistance claim. Only as an alternative ruling did the court add that even if Rashad had received bad advice on these subjects, he was not prejudiced because he still would not

have pleaded guilty.***

For these reasons I respectfully dissent.

---

*** That is precisely the way Rashad argued his case on remand. His memorandum of law stated that his "trial counsel committed two errors in advising Mr. Rashad." The only alleged errors were those on which we ordered an evidentiary hearing:

> First, he advised Mr. Rashad to go to trial based upon a negligent mis-assessment of the strength of the Government's case on the drug charges. Second, trial counsel advised Mr. Rashad incorrectly concerning the sentencing that he faced if convicted at trial.

Defendant's Memorandum of Law Concerning Ineffective Assistance of Counsel, at 11. The memorandum mentioned the prospect of Rashad's pleading to the indictment "straight up," not as an ineffectiveness claim, but as the prejudice he suffered as a result of his attorney's alleged "two errors."