UNITED STATES of America, Appellee

v.

Andre DREW, Appellant.

No. 07–3104.

United States Court of Appeals,
District of Columbia Circuit.

May 19, 2011.

Rehearing En Banc Denied July 27, 2011.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Federal Public Defender (FPD), Washington, DC, for Appellant.

Before GINSBURG, ROGERS, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

■ ORDERED AND ADJUDGED that the district court's judgment filed September 12, 2007, be affirmed. Appel-

lant has not shown that he was entitled to dismissal of the charges in the district court based on his claim that his counsel in the District of Columbia Superior Court rendered ineffective assistance. Appellant had already been appointed new counsel in the Superior Court before the case against appellant was dismissed in that court. Likewise, the district court did not err in declining to rule on appellant's *pro se* motion to dismiss, because appellant and his counsel simply requested that the motion be made part of the record, not that it be ruled upon, and the motion did not involve any allegations against the attorneys representing appellant in the district court.

 Nor did the district court abuse its discretion when it sustained the government's objection to proposed testimony of a police detective about statements made by a non-testifying victim during a 911 call and a police interview, because those statements were not proper impeachment evidence of any government witness. *See* Fed.R.Evid. 613(b). Furthermore, appellant's claims that the government conspired to obtain his conviction by knowing-

ly sponsoring perjured testimony, and coaching witnesses to provide such testimony, are not supported by the record. Finally, the arguments presented in appellant's brief in support of his ineffective assistance of counsel claims are not sufficient to warrant a remand to the district court in accordance with *United States v. Rashad,* 331 F.3d 908 (D.C.Cir.2003). We otherwise express no opinion about the merits of appellant's ineffective assistance of counsel claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.