KAVANAUGH, Circuit Judge,
concurring in part and concurring in the judgment:
I concur in the judgment and in all but Part V of the Court’s excellent opinion. I write separately with respect to Part V only to express my respectful view that this Court should not ordinarily delve into the merits of an ineffective-assistance claim before the district court has done so. The Supreme Court has stated that “ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.” Massaro v. United States, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). The district court “may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance.” Id.
For that reason, ineffective-assistance claims arising out of federal criminal cases are most appropriately brought in § 2255 eollateral proceedings. (The Supreme Court has said that procedural default rules do not preclude a defendant from bringing an ineffective-assistance claim for the first time in a § 2255 proceeding. See id. at 504, 123 S.Ct. 1690.) To be sure, this Court has also permitted ineffective-assistance claims to be raised on direct appeal.[1] But even so, when an ineffective-assistance argument is asserted on direct appeal, our usual practice is to remand the claim to the district court without substantial analysis by this Court of the merits of the claim. See, e.g., United States v. Laureys, 653 F.3d 27, 34 (D.C.Cir.2011). Whether it be in a § 2255 proceeding or on direct appeal, the key procedural principle remains the same: The district court should take the first crack at the merits of ineffective-assistance claims.
Two principles of sound appellate decisionmaking support that district-eourt-first practice. First, as the Supreme Court has explained, the district court is the forum “best suited to developing the facts.” Massaro, 538 U.S. at 505, 123 S.Ct. 1690. Otherwise, “appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.” Id. at 504-05, 123 S.Ct. 1690. Second, by remanding to the district court as a matter of course when an ineffective-assistance claim is raised on direct appeal, *206 we avoid wasting scarce resources as appellate counsel (and judges) fruitlessly and pointlessly squabble over ineffective-assistance claims based on an incomplete record. We have acknowledged that the court of appeals can resolve an ineffective-assistance issue in the first instance when the record “conclusively” shows that the defendant either is or is not entitled to relief. United States v. Rashad, 331 F.3d 908, 911 (D.C.Cir.2003). But given the fact-bound nature of ineffective-assistance claims, that exception arises only rarely. If there is any doubt or difficulty, if it is not obvious from the face of the record whether relief is warranted, the appropriate course is simply to remand.
Applying those principles to this case, I do not see the need for the Court’s detailed analysis of Mohammed’s ineffective-assistance claim. We owe no special explanation when we remand an ineffective-assistance claim. We owe a special explanation only in the rare situations when we resolve the ineffective-assistance claim here at the appellate level. In this case, I would remand the ineffective-assistance claim to the district court without the lengthy evaluation of the claim’s merits.

. Our circuit is alone in permitting this procedure. At some point, we perhaps should conform our practice to that of all of the other circuits and require most ineffective-assistance claims to be raised in § 2255 proceedings, not on direct appeal. Cf. Martinez v. Ryan, - U.S. -, 132 S.Ct. 1309, 1318, 182 L.Ed.2d 272 (2012) ("there are sound reasons for deferring consideration of ineffective-assistance-of-trial-counsel claims until the collateral-review stage"). Regardless of whether we take that logical step, however, we should still give the district court the first opportunity to consider such claims.