# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-3095**                    **September Term, 2023**

**1:21-cr-00623-CRC-2**

**Filed On:** August 26, 2024

United States of America,

        Appellee

    v.

Kirstyn Ashley Niemela,

        Appellant


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Katsas, Pan, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's judgment entered June 12, 2023 be affirmed.  Appellant asserts that her counsel provided ineffective assistance in various ways, including in relation to their failure to challenge alleged district court errors.  A defendant asserting a claim of ineffective assistance of counsel must show deficient performance by counsel and that prejudice resulted from the deficient performance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  As explained below, appellant has not shown any prejudicial error or abuse of discretion by the district court, and she has not demonstrated that her counsel provided ineffective assistance.  Because the district court record conclusively shows that appellant is not entitled to relief on her claims of ineffective assistance of counsel, remand is not required to resolve those claims.  See United States v. Rashad, 331 F.3d 908, 909–10 (D.C. Cir. 2003).

Appellant has not shown that the district court erred in denying her motion for change of venue based on her allegations of an impartial jury, see United States v. Webster, 102 F.4th 471, 478 (D.C. Cir. 2024), or that her counsel provided ineffective assistance in failing to seek a continuance.  Appellant has not demonstrated that the

jury pool was "so pervasively exposed to prejudicial pretrial publicity about the defendant and the case that any subsequent court proceedings in that community would be but a hollow formality." Id. at 479 (cleaned up).

Additionally, appellant has not shown that the district court abused its discretion in handling voir dire or that any error on her counsel's part during voir dire was prejudicial. Appellant has not identified any questions she believed her counsel was prevented from asking potential jurors, and she has not shown that any of the jurors who participated in the deliberations were biased. See id. at 481 (jurors are considered impartial if they "can lay aside their impressions or opinions and render a verdict fairly and objectively based on the evidence" (internal quotation marks omitted)).

Nor has appellant shown that her counsel provided ineffective assistance by stipulating that the exterior plaza of the U.S. Capitol was a restricted area on January 6. The decision to enter the stipulation was a trial management decision that was within counsel's discretion. See McCoy v. Louisiana, 584 U.S. 414, 422 (2018). Additionally, appellant was not prejudiced because there was ample evidence that the area was restricted, and the stipulation did not prevent appellant's counsel from arguing that appellant did not have the requisite knowledge of the restrictions.

Next, appellant has not shown that her counsel provided ineffective assistance by preventing her from testifying because she has not explained what her testimony would have been and how it would have changed the outcome of the trial. See United States v. Tavares, 100 F.3d 995, 998 (D.C. Cir. 1996).

Appellant has also not demonstrated that she was prejudiced by her counsel's failure to renew a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29, or by the district court's denial of her pro se motion after her notice of appeal was filed. See United States v. Brockenborrugh, 575 F.3d 726, 733 (D.C. Cir. 2009). The record demonstrates that there was sufficient evidence for a rational jury to find that appellant knowingly entered a restricted area and that she had the intent to disrupt the electoral certification.

Moreover, appellant has not shown that the district court plainly erred in how it handled pretrial proceedings, as she has not explained what evidence, motions, or procedures she believes the court failed to address or how that would have changed the outcome of her case. See Greer v. United States, 593 U.S. 503, 507–08 (2021) (where alleged error is raised for first time on appeal, defendant must show that the error is plain and affects "substantial rights," and that the error had "a serious effect on the fairness, integrity or public reputation of judicial proceedings" (internal quotation

marks omitted)); Fed. R. Crim. P. 52(b).  Appellant also has not identified which evidence she believes her counsel should have objected to and what evidence she believes her counsel should have submitted; thus she has not shown how any failure to submit or object to evidence was prejudicial.  To the extent appellant has addressed these alleged deficiencies in her reply brief by making new arguments, she has forfeited them by not raising them in her opening brief.  See Twin Rivers Paper Co. LLC v. SEC, 934 F.3d 607, 615 (D.C. Cir. 2019) (arguments not raised in the opening brief are forfeited).

Additionally, appellant has not shown that she was entitled to a missing witness instruction where the witnesses were available for her counsel to call.  See United States v. Pitts, 918 F.2d 197, 199 (D.C. Cir. 1990).  Appellant also asserts that the district court erred because, although it sustained an objection to the prosecutor's question about fraud charges that were pending against a defense witness, it did not convey to the jury that the objection was sustained, and she argues that her counsel was ineffective in failing to ask for a curative instruction.  But appellant has not shown that any error was prejudicial, as the witness did not answer the question and appellant has not shown that a curative instruction for an unanswered question would have changed the outcome of her case.

Appellant has not shown any prejudicial error related to sentencing.  Because she has not shown that correcting any alleged misinformation in the presentence report would have affected her sentence, she has not shown that her counsel provided ineffective assistance regarding the presentence report.  Moreover, appellant has not shown that counsel provided ineffective assistance by failing to seek a sentence reduction based on her alleged "minor" role in the events of January 6.  Appellant's sentence was based on her own conduct, and there is no basis for an argument that she had a "minor" role in her own conduct.  See In re Sealed Case, 349 F.3d 685, 692 (D.C. Cir. 2003).  Appellant also has not shown that her sentence, which was within the applicable Sentencing Guidelines range, was substantively unreasonable.  See United States v. Gardellini, 545 F.3d 1089, 1092 (D.C. Cir. 2008); see also United States v. Alford, 89 F.4th 943, 954–55 (D.C. Cir. 2024) (district court's balancing of competing considerations, including defendant's lack of remorse and the need for further deterrence, was not abuse of discretion) (citing 18 U.S.C. § 3553(a)).  Nor has appellant shown any prejudicial error in the government's statements at sentencing that referenced her complaints against the prosecutor and a restraining order from her former co-defendant.  Finally, appellant has not demonstrated that the district court erred in applying U.S. Sentencing Guideline § 2A2.4, because that "is the guideline most appropriate to the offense conduct charged" under § 1752(a)(2).  United States v. Nassif, 97 F.4th 968, 983 (D.C. Cir. 2024).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3095**                                    **September Term, 2023**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**