UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 11-4543
(3:08-cr-00215-FDW-1)

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

JAMES DARNELL WINTONS,

           Defendant - Appellant.

_____

O R D E R

_____

The Court amends its opinion filed March 8, 2012, as follows:

On page 3, first full paragraph, line 5 -- "factual innocence" is corrected to read "factual guilt."

For the Court – By Direction

/s/ Patricia S. Connor
                Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4543**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JAMES DARNELL WINTONS,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:08-cr-00215-FDW-1)

_____

Submitted:  February 24, 2012        Decided:  March 8, 2012

_____

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Henderson Hill, Executive Director, FEDERAL DEFENDERS OF WESTERN
NORTH CAROLINA, INC., Heather H. Martin, Matthew Segal,
Assistant Federal Defenders, Asheville, North Carolina; Peter S.
Adolf, Assistant Federal Defender, Charlotte, North Carolina,
for Appellant.  Anne M. Tompkins, United States Attorney,
Melissa L. Rikard, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Darnell Wintons pled guilty to possession of a firearm by a convicted felon and was sentenced to 184 months' imprisonment. He appeals his conviction, asserting that the district court abused its discretion in denying his motion to withdraw his guilty plea based on his contention that his prior attorney failed to discuss a possible defense with him and failed to move to suppress the weapons. We find no abuse of discretion and therefore affirm Wintons' conviction.

"A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). Rather, once the district court has accepted a guilty plea, it is within the district court's discretion whether to grant a motion to withdraw it based on the defendant's showing of a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007).

When considering whether to allow a defendant to withdraw a guilty plea, the trial court must conduct a six-factor analysis:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether

2

> withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) Although all of the Moore factors should be considered, the key one is whether the Rule 11 hearing was properly conducted. Bowman, 348 F.3d at 414. Thus, this court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Addressing these factors, the district court determined that Wintons made no claim that he did not understand the plea hearing or that his participation in the Rule 11 hearing was other than voluntary. The district court found that Wintons never denied his factual guilt. Rather, he claims that he would have filed a motion to suppress evidence if he had been properly advised. However, suppression of evidence does not amount to legal innocence. See United States v. Sparks, 67 F.3d 1145, 1153 (4th Cir. 1995); Vasquez v. United States, 279 F.2d 34, 36-37 (9th Cir. 1960).

Addressing the next Moore factor, the district court found that the "many, many months" between the plea and the motion to withdraw amounted to a significant delay that prejudiced the government's ability to try the case. We find no clear error in this determination. See United States v. Suter,

3

755 F.2d 523, 525 (7th Cir. 1985) (reviewing factual findings in support of denial of motion to withdraw plea for clear error).

Despite Wintons' assertion that he did not have the close assistance of competent counsel, the district court found that, at the time of the entry of his plea, Wintons had the close assistance of competent counsel. The court based this finding on Wintons' sworn statements during the Rule 11 hearing as to his satisfaction with counsel and that he had discussed possible defenses with counsel. Moreover, the record of the plea withdrawal hearing shows that Wintons and his former attorney discussed a suppression motion and made the strategic decision not to file the motion to suppress, but rather to cooperate in the hope of being granted a sentence below the statutory minimum. We conclude that the district court's finding that Wintons had the close assistance of competent counsel is not clearly erroneous. See Suter, 755 F.2d at 525; Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

In conclusion, we have determined that the district court properly weighed the Moore factors and did not abuse its discretion in denying Wintons' motion to withdraw his guilty plea. Accordingly, we affirm the district court's denial of the motion to withdraw the plea and affirm Wintons' conviction. We

4

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED