# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 23, 2019      Decided January 7, 2020

No. 18-3012

UNITED STATES OF AMERICA,
APPELLEE

v.

DARAYA MARSHALL, ALSO KNOWN AS DEE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cr-00117-1)

*Mary E. Davis*, appointed by the court, argued the cause and filed the brief for appellant.

*Daniel Honold*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jessie K. Liu*, U.S. Attorney, and *Elizabeth Trosman* and *Chrisellen R. Kolb,* Assistant U.S. Attorneys.

Before: MILLETT and RAO, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* RAO.

RAO, *Circuit Judge*: Daraya Marshall pleaded guilty to six counts of sex trafficking and related crimes against minors. On direct appeal from the resulting conviction and sentencing, Marshall alleges ineffective assistance of counsel in violation of the Sixth Amendment and seeks remand for an evidentiary hearing to determine whether his lawyers' failure to object to the qualifications of an expert witness rendered his plea involuntary. Because the existing record leaves no doubt this failure to object was not ineffective assistance of counsel, we affirm the conviction.

I.

Marshall stipulated to the underlying facts of his offenses during the plea colloquy with the district court. From July 2014 to June 2015, Marshall prostituted six or more women and girls by collecting money paid for sex during "in calls" at his home in the District of Columbia and "out calls" throughout the District of Columbia, Maryland, and Virginia. Four of these victims were underage girls between the ages of fourteen and seventeen who Marshall targeted and recruited through various forms of psychological manipulation. Marshall produced pornographic images of the girls on his cell phone and used these images to solicit "clients" online. In several cases, Marshall also engaged in sex acts with the underage victims.

After his arrest, the government indicted Marshall before the District Court for the District of Columbia on fifteen felony counts, including four counts of sex trafficking of children, 18 U.S.C. § 1591(a), three counts of transportation of minors for prostitution, 18 U.S.C. § 2423(a), five counts of sexual exploitation of a minor, 18 U.S.C. § 2251(a), one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), (b)(2), two counts of first-degree child sexual abuse with

aggravating circumstances, D.C. CODE §§ 22–3008, 22–3020(a)(2), (a)(5), and corresponding forfeiture allegations.

Marshall struggled to build a workable relationship with several court-appointed attorneys in the two years of pre-trial motions that followed. The federal public defender initially appointed to the case withdrew, prompting the district court to appoint attorney Joanne Slaight from the Criminal Justice Act panel. Slaight successfully moved for appointment of co-counsel to assist with complexities in discovery, but that counsel subsequently withdrew when Marshall moved *ex parte* for substitution. The court then appointed Joseph Conte as replacement co-counsel. Slaight, later joined by Conte, filed multiple suppression and severance motions to bolster Marshall's defense and sought dismissal of the indictment as a whole. Marshall was displeased when many of these motions proved unsuccessful and expressed general dissatisfaction with the criminal justice system in two *ex parte* colloquies with the district court. In each instance the court conducted an inquiry into Marshall's concerns and found no legal error on the part of Slaight or Conte.

This appeal concerns the proposed expert testimony of Dr. Sharon Cooper, a pediatrician with nearly twenty-five years' experience working with child victims of sexual exploitation. As part of the *Brady* materials and witness disclosures provided in anticipation of trial, the government notified Marshall of its intent to call Dr. Cooper as an expert witness on "the nature and structure of a sex trafficking operation," including "recruitment, grooming, manipulation and control" of sex trafficking victims. The government's notice included a ninety-one-page *curriculum vitae* describing her medical licensing, faculty affiliations, and academic publications on the dynamics of sex trafficking.

Slaight and Conte moved *in limine* on July 27, 2017, to exclude Dr. Cooper on three grounds: inadequate notice under Federal Rule of Criminal Procedure 16(a)(1)(G); unhelpfulness to the finder of fact under Federal Rule of Evidence 702(a); and the tendency of her testimony on victim psychology to prejudice Marshall unfairly and confuse the jury as to what facts need be proven to support a verdict of guilty. *See* FED. R. EVID. 403. The district court denied the motion on the first two challenges at a hearing on October 6 but accepted counsel's arguments as to the third at pretrial conference on October 12. To minimize the risk of unfairly bolstering the fact witnesses, the court scheduled Dr. Cooper to testify after the minor victims and limited the scope of her testimony.

Marshall pleaded guilty just before jury selection on the October 16, 2017, trial date. Pursuant to a written plea agreement, the government dropped nine of fifteen counts and recommended a two-point offense level reduction under the U.S. Sentencing Guidelines for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The district court accepted the plea agreement after a colloquy confirmed Marshall's waiver of rights was knowing and voluntary and supported by advice of counsel. After considering Slaight and Conte's submissions on Marshall's behalf, as well as denying a final *ex parte* motion for continuance and new counsel, the district court sentenced Marshall to twenty-five years' imprisonment.

## II.

On direct appeal and represented by new counsel, Marshall argues that Slaight and Conte's failure to object to Dr. Cooper's qualifications induced the district court to allow the expert testimony and, in turn, compelled Marshall to plead guilty. He requests remand for an evidentiary hearing to determine whether error by counsel violated the Sixth Amendment and

requires overturning his plea as involuntary. The government responds that Marshall fails to raise a colorable claim of ineffective assistance because the existing record conclusively shows trial counsel did not err.

A.

Guilty pleas may support conviction only when the defendant's waiver of trial rights is knowing and voluntary. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). District courts must confirm these requirements are met before accepting a plea as the basis for conviction. *See* FED. R. CRIM. P. 11(b). While society's interest in the finality of criminal convictions means we do not do so lightly, appellate courts will overturn pleas for involuntariness when ineffective assistance of counsel brought about the underlying waiver of trial rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

To establish ineffective assistance the defendant must show both error by counsel and prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Courts avoid the bias of hindsight by applying "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Prejudice in the guilty plea context arises when there is a "reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Our circuit remands "colorable and previously unexplored" claims of ineffective assistance rather than dismissing in favor of collateral review under 28 U.S.C.

§ 2255. *United States v. Rashad*, 331 F.3d 908, 908, 910–11 (D.C. Cir. 2003). We may do so because the Supreme Court has expressed a preference, but not mandated, that ineffective assistance claims be channeled through collateral proceedings in the district courts. *Id.* at 910–11 (citing *Massaro v. United States*, 538 U.S. 500, 504–06 (2003)). But "this Court has 'never held that *any* claim of ineffective assistance of counsel, no matter how conclusory or meritless, automatically entitles a party to an evidentiary remand.'" *United States v. Sitzmann*, 893 F.3d 811, 831 (D.C. Cir. 2018) (per curiam) (quoting *United States v. McGill*, 815 F.3d 846, 945 (D.C. Cir. 2016)). Instead, we decline to remand when the record "conclusively shows" the defendant is not entitled to relief. *Rashad*, 331 F.3d at 910 (quoting *United States v. Fennell*, 53 F.3d 1296, 1303–04 (D.C. Cir. 1995)); *see also United States v. Islam*, 932 F.3d 957, 963 (D.C. Cir. 2019) ("When the record 'clearly shows' that the claim is meritless, or when no further factual development is needed, we may dispose of the claim without remanding." (quoting *Sitzmann*, 893 F.3d at 831–32)).

Three types of ineffective assistance claims are generally not "colorable" and are therefore amenable to resolution as a matter of law. First, claims that are vague, conclusory, or insubstantial fail to present an issue worthy of remand. *See Sitzmann*, 893 F.3d at 832. Second, when the record conclusively shows the defendant was not prejudiced, no factual development could render the claim meritorious. *See id.* Third, when the record conclusively shows counsel did not err by falling below an objective standard of reasonableness, there is no deficient performance to form the basis of a Sixth Amendment violation under *Strickland*. *See id.* at 831–32.

B.

Marshall requests remand for an evidentiary hearing to resolve his claim that trial counsel was constitutionally ineffective for failing to object to Dr. Cooper's expert testimony on qualification grounds. Marshall alleges that Dr. Cooper was unqualified because she claims expertise in "forensic pediatrics" but never completed specific coursework in that field. Marshall maintains that Slaight and Conte's error led the district court to allow Dr. Cooper's testimony and forced Marshall to plead guilty because of the significant weight juries tend to give to expert witnesses. We resolve this challenge without remand because Marshall "has not raised any substantial issue that requires a determination of facts" regarding the performance of counsel. *Id.* at 832 (quoting *United States v. Poston*, 902 F.2d 90, 99 n.9 (D.C. Cir. 1990) (Thomas, J.)).

Counsel's performance was not deficient because an objection to Dr. Cooper's qualifications would have been meritless under the applicable legal standard. The Federal Rules of Evidence treat the qualifications of an expert witness as a threshold inquiry for the trial court. Judges may qualify an expert by "knowledge, skill, experience, training, or education," any one of which is sufficient. FED. R. EVID. 702; *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999) ("The Rules grant [testimonial] latitude to all experts, not just to 'scientific' ones."); *Exum v. Gen. Elec. Co.*, 819 F.2d 1158, 1163 (D.C. Cir. 1987) ("'[E]xperience' is only one among the five different ways to demonstrate an expert is qualified."). Dr. Cooper's *curriculum vitae* lists extensive medical training in pediatrics, decades of on-the-job experience, and specialized knowledge reflected in peer-reviewed publications, other publications and expert reports, and dozens of lectures on the dynamics of child sex trafficking and victimization. Our cases

8

clearly support qualifying an expert witness on these facts. *See, e.g.*, *Heller v. District of Columbia*, 801 F.3d 264, 272 (D.C. Cir. 2015) (affirming admission of experts for decades of experience and for relying on appropriate sources to form opinions); *United States v. Smith*, 640 F.3d 358, 366 (D.C. Cir. 2011) (Kavanaugh, J.) (finding a witness would have qualified as an expert on the basis of extensive experience investigating drug crimes); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1211–12 (D.C. Cir. 1997) (affirming admission of expert for decades of work experience and involvement in relevant training and policy matters).

Against this backdrop, Slaight and Conte's decision to press Marshall's defense by challenging Dr. Cooper on three grounds other than qualifications fell well within the reasonable range of professional assistance. *See Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986) ("It will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." (quoting *Strickland*, 466 U.S. at 690)). Counsel objected to Dr. Cooper's testimony on the grounds that her expertise would not help the jury understand the evidence or make findings of fact. *See* FED. R. EVID. 702(a). Further, counsel challenged the government's mandatory notice of intent to introduce Dr. Cooper because the notice failed to summarize her testimony. *See* FED. R. CRIM. P. 16(a)(1)(G). Finally, Slaight and Conte argued with some success that Dr. Cooper's testimony about victim psychology might unfairly prejudice Marshall and confuse the jury as to the issues presented in the case. *See* FED. R. EVID. 403. On this record, the choice by trial counsel to make some objections but not others was an eminently reasonable exercise in professional discretion. *See Strickland*, 466 U.S. at 690–91 ("[S]trategic choices made after

thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.").

We have held repeatedly that counsel's "failure to raise a meritless objection is not deficient performance." *Islam*, 932 F.3d at 964 (citing *Sitzmann*, 893 F.3d at 833). Objecting to Dr. Cooper's qualifications would have been meritless under applicable law. In these circumstances, the failure to object to the qualifications of an expert witness does not constitute deficient performance under *Strickland*'s first prong.

\*   \*   \*

Marshall fails as a matter of law to raise a colorable claim of ineffective assistance of counsel. Accordingly, we resolve this appeal without remand.

*Affirmed*.