# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 19-3032

September Term, 2020

FILED ON: NOVEMBER 10, 2020

UNITED STATES OF AMERICA,
APPELLEE

v.

WILLIAM DANIEL BOONE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cr-00117-1)

Before: GARLAND, RAO and WALKER, *Circuit Judges*.

## JUDGMENT

This appeal was heard on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Appellant William Boone appeals his conviction of one count of possession with intent to distribute cocaine. The government's primary evidence against Boone was gathered at his home pursuant to a search warrant, which Boone now argues his counsel ineffectively challenged in a motion to suppress. When a defendant raises an ineffective assistance claim for the first time in this court, we generally remand for a factual hearing unless the record conclusively shows that appellant is not entitled to relief. *See United States v. Marshall*, 946 F.3d 591, 596 (D.C. Cir. 2020). Because the record conclusively shows that Boone has no colorable claim of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), we affirm without remanding.

On June 28, 2016, law enforcement agents obtained a warrant to search Boone's residence. The warrant application relied on the affidavit of Special Agent Jeremy Horbert of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. In his affidavit, Agent Horbert outlined his training and experience and indicated that he had personally participated in the investigation of James

Williams's drug trafficking organization for approximately ten months. Agent Horbert relied primarily on the following to establish probable cause to search Boone's residence: (1) the content of four phone calls intercepted pursuant to a court-authorized wiretap of Williams's phone; (2) GPS tracking of Williams's phone that placed him in the "general area" of Boone's residence shortly after Williams said he would stop by to pick up narcotics; (3) visual surveillance by law enforcement of Williams's vehicle parked outside Boone's residence and Williams leaving with a paper bag that contained an object about the size of two packs of cigarettes; and (4) records from an open-source database that indicated Boone resided at the location. The search of Boone's residence found cocaine, cocaine base, marijuana, and drug trafficking paraphernalia. After unsuccessfully challenging the search warrant during a suppression hearing before the district court, Boone pled guilty.

On direct appeal, Boone argues his counsel was ineffective because she failed to challenge Agent Horbert's affidavit as facially insufficient. Had she done so, Boone maintains, the evidence obtained during the search would have been suppressed and he would not have pled guilty. To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. This is a substantial showing—"a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Because "[t]he failure to raise a meritless objection is not deficient performance," *United States v. Islam*, 932 F.3d 957, 964 (D.C. Cir. 2019), Boone must demonstrate that his Fourth Amendment claim is meritorious. *See United States v. Miller*, 953 F.3d 804, 809 (D.C. Cir. 2020) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

Boone argues that the warrant issued without probable cause because Agent Horbert did not provide the magistrate with the sources of the information in the affidavit, including that Williams was the individual on the four phone calls obtained via wiretap. This argument is without merit. An affidavit must provide the magistrate with a "substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) (cleaned up). Here the warrant was amply supported by substantial evidence in the affidavit, including phone calls obtained via judicially approved wiretap and in-person police surveillance that established agents' familiarity with Williams and his car. Additionally, one of the wiretapped conversations took place between Williams and a person alleged to be Boone. In that conversation, Williams said he would come by the house "in a second." A:43. GPS location data put Williams in the approximate location of Boone's house, and in-person surveillance observed Williams leaving the residence with a small package. Officers identified Williams based on his car and their prior observations of him. The information relied on for the probable cause determination came from law enforcement officers' collective personal observations of the evidence, which "are plainly a reliable basis for a warrant applied for by one of their number."[1] *United States v. Ventresca*, 380 U.S. 102, 111 (1965). Ample probable cause existed for the search of Boone's home.

Because Boone's Fourth Amendment claim fails on the merits, he cannot show that his counsel's performance was deficient under the first prong of *Strickland*, *see Islam*, 932 F.3d at

---

[1] Because the affidavit was proper, it is unnecessary to reach Boone's argument regarding the good faith exception under *United States v. Leon*, 468 U.S. 897, 920 (1984).

964, and we have no occasion to consider the prejudice prong.

\* \* \*

For the foregoing reasons, the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk