# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 21-3048**

**September Term, 2022**

FILED ON: JANUARY 27, 2023

UNITED STATES OF AMERICA,
> APPELLEE

v.

MAXINE MARIE WILLIAMS,
> APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cr-00260-1)

Before: RAO and CHILDS, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*

## J U D G M E N T

The Court considered this appeal on the record from the United States District Court for the District of Columbia, the briefs, and oral arguments of the parties. The Court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the district court's judgment of July 16, 2021 be **AFFIRMED**.

In 2021, Maxine Williams pleaded guilty to interstate transportation of stolen property through a plea agreement with the government. Accordingly, she admitted to stealing $179,500.57 from two different nonprofit organizations while she was an employee. The district court sentenced her to twelve months and one day of imprisonment.

Williams directly appealed to this Court pursuant to the terms of her plea agreement. She argues that her conviction should be reversed and remanded for trial, and in the alternative requests an evidentiary hearing, on whether she received ineffective assistance of counsel in preparation for her plea agreement and sentencing. We disagree and affirm the district court's judgment.

1

I.

Succeeding on a claim of ineffective assistance of counsel requires Williams to demonstrate that her "counsel's performance was deficient" and "that the deficient performance prejudiced [her] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to a guilty plea, prejudice requires her to show "a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). But regarding sentencing, she must show a reasonable probability that, but for her counsel's errors, she would have received a lower sentence. *See Glover v. United States*, 531 U.S. 198, 203–04 (2001). In either context, we "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Tucker*, 12 F.4th 804, 816 (D.C. Cir. 2021) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)).

This Court allows defendants to raise ineffective assistance of counsel claims on direct appeal, but the Supreme Court notes that "ordinarily [these claims] will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determin[e] the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 505 (2003); *United States v. Williams*, 784 F.3d 798, 803–04 (D.C. Cir. 2015). "[B]ecause ineffective assistance claims typically require factual development," *United States v. Sitzmann*, 893 F.3d 811, 831 (D.C. Cir. 2018) (per curiam) (alteration in original) (citation omitted), we usually remand for an evidentiary hearing. *United States v. Mohammed*, 693 F.3d 192, 202 (D.C. Cir. 2012) (quotations omitted).

However, we do not "reflexively remand" for any ineffective assistance of counsel claim. *Id.* (citation omitted); *see also Sitzmann*, 893 F.3d at 831. Instead, we decline to remand when the record "conclusively shows" that the defendant is not entitled to relief. *United States v. Rashad*, 331 F.3d 908, 910 (D.C. Cir. 2003) (quoting *United States v. Fennell*, 53 F.3d 1296, 1303–04 (D.C. Cir. 1995)); *see also United States v. Marshall*, 946 F.3d 591, 596 (D.C. Cir. 2020) (noting that this Court resolves without remand claims that are "vague, conclusory, or insubstantial" or where the record decisively shows either that counsel was not deficient or that the defendant was not prejudiced).

A.

Regarding her plea agreement preparation, Williams claims that her counsel was derelict in the following ways: did not "discuss the case in person"; Appellant's Br. 10; did not explain the criminal procedures and thus she "could not understand what was happening with the case"; *id.*; did not explain what evidence the government had against her; *id.*; did not "show . . . [her] the filings he filed on her behalf." *Id.* But Williams neglects to explain how counsel's performance was deficient and prejudicial. *See Tucker*, 12 F.4th at 817–18. Without more, we cannot consider those claims on the merits. *See Sitzmann*, 893 F.3d at 831–32.

The singular non-conclusory claim in Williams' group of complaints about her plea

agreement is also of little help to her. She argues that counsel "agree[d] to a plea two days after the [i]nformation in the case was filed." Appellant's Br. 11. Although not generally customary in most cases, the plea agreement in this case quickly followed the information because it was signed before the information was filed.

Moreover, the record demonstrates that Williams' counsel was not deficient because Williams knowingly, voluntarily, and intelligently entered her plea. She confirmed under oath that "[she] had enough time to talk with [her] lawyer about [the] plea" and that she was "satisfied with the services that [counsel] ha[d] provided[.]" App. 60. She also acknowledged that she had a bachelor's degree, that she had "personally read" the plea agreement before signing it, and that she did not have any questions about it "or anything else in connection with this guilty plea." App. 58–59, 61, 83.

The record also conclusively rules out Williams' argument that her counsel failed to inform her that she had the opportunity to appear in court for her sentencing hearing. During the hearing, counsel confirmed that he had spoken with Williams about "her right to be present for an in-person hearing" and that "[she was] waiving that right[.]" App. 98. Likewise, Williams admitted that she "underst[ood] . . . [her] right to an in-person sentencing hearing[.]" App. 99. And the district court found that she "knowingly and voluntarily waiv[ed] her right to appear" in person. App. 99.

Finally, Williams argues that her counsel failed to procure character letters for her sentencing hearing. But even if counsel's performance was deficient, it was not prejudicial. Both parties "agree[d] that a sentence within the [e]stimated [g]uidelines [r]ange would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a)[.]" App. 16. Williams confirmed her understanding of the guidelines estimate at the hearing. And she ultimately received a sentence at the lowest end of that range.

For the foregoing reasons, we affirm the district court's judgment of July 16, 2021.

* * * * *

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk