# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 11, 2024        Decided January 21, 2025

No. 22-3025

UNITED STATES OF AMERICA,
APPELLEE

v.

EDWARD MAGRUDER,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00203-1)

*Bruce H. Searby*, appointed by the court, argued the cause and filed the briefs for appellant.

*Michael E. McGovern*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Matthew M. Graves*, U.S. Attorney, and *Chrisellen R. Kolb*, *John P. Mannarino*, and *Nihar R. Mohanty*, Assistant U.S. Attorneys.

Before: HENDERSON, MILLETT, and CHILDS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: In October 2019, Edward Magruder pleaded guilty to possession with intent to distribute more than a kilogram of heroin. He later sought to withdraw his plea but the district court denied the motions. On appeal, Magruder contends that the district court erred in two respects. First, he argues that the district court applied an erroneous legal standard by requiring him to assert his innocence as a prerequisite to granting a withdrawal. Second, he asserts that his plea was tainted because he received ineffective assistance of counsel based on his counsel's failure to mount several Fourth Amendment challenges to the evidence against him. As detailed *infra*, we affirm the district court.

## I. BACKGROUND

In 2018, the FBI collaborated with the Colombian National Police (CNP) to investigate a drug-trafficking organization with ties to the New Orleans, Louisiana area. The investigation revealed that Juan Carlos Mosquera-Amari, a New Orleans resident, was part of a drug-trafficking conspiracy connected to Colombia. By wiretapping Mosquera-Amari's telephone, the FBI identified his Colombian contact and, with the help of the CNP, further identified Jhon Jairo Mosquera-Asprilla as the Colombian-based source of the drugs. Through a CNP wiretap on Mosquera-Asprilla's telephone, the FBI intercepted communications between Mosquera-Asprilla and an individual with a U.S. telephone number discussing (in coded language) various aspects of drug processing and sales. The FBI then obtained a search warrant under the Stored Communications Act (SCA), 18 U.S.C. § 2703, from a magistrate judge of the U.S. District Court for the Eastern District of Louisiana to obtain geolocation data for that telephone number; the data ultimately associated the number with Magruder, a District of Columbia (D.C.) resident.

The geolocation data obtained between December 2018 and May 2019 showed that Magruder traveled at least seven times between D.C. and New York. Each trip lasted no more than a few hours in New York and before each trip Magruder communicated with Mosquera-Asprilla. During that period, the FBI learned that Magruder previously had been convicted of drug distribution and, while imprisoned, placed in the same facility as Mosquera-Asprilla (who was deported following his incarceration). By March 2019, the FBI obtained a search warrant from the D.C. federal district court authorizing interception of communications to Magruder's telephone. *See infra* n.3. At that point, FBI agents had also determined that Magruder had switched to a second telephone with a new number. They obtained geolocation tracking authorization for the new number but did not yet have authority to intercept communications at the time of Magruder's arrest.

On June 7, 2019, Magruder again traveled to New York and was put under FBI observation as soon as he arrived. While in New York, he made several calls on a telephone (which the FBI could not intercept) and was observed carrying a bright blue backpack. The next day, he returned to D.C. When he got off the bus carrying a bright blue backpack, FBI agents stopped him and searched the backpack. They discovered two duct-taped blocks of heroin and arrested Magruder.

On June 10, 2019, Magruder was charged with Unlawful Possession with Intent to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i). After Magruder's initial appearance, court-appointed counsel guided Magruder through the discovery process. On September 13, Magruder informed the district court that he wished to proceed to trial. Less than a month later, however, Magruder changed his position and accepted the Government's

plea offer. Under the plea agreement, the Government agreed not to file enhancement papers based on Magruder's past convictions under 21 U.S.C. § 851—such filing would have increased Magruder's mandatory minimum sentence from 10 to 25 years. Instead, the parties agreed to a recommended sentencing range of 12 to 15 years of imprisonment.

Before the October 25, 2019 plea hearing, Magruder had at least four discussions with his counsel regarding the relevant sentencing calculations and discovery process. At the plea hearing, Magruder expressed his satisfaction with his counsel's representation and acknowledged that he waived his right to appeal any issue other than ineffective assistance of counsel. J.A. 56, 59–61. The district court accepted Magruder's guilty plea.[1]

Nevertheless, later that same day Magruder advised the district court by letter that he was dissatisfied with his counsel's services, alleging that counsel had inadequately investigated the case. At a January 27, 2020 hearing, Magruder's new court-appointed counsel affirmed that Magruder wished to withdraw his plea and would soon file a motion to that effect. Before so moving, however, Magruder's second court-appointed counsel withdrew his representation and a third court-appointed counsel assumed Magruder's representation soon thereafter. Magruder subsequently filed sixteen pleadings seeking to withdraw his guilty plea, all of which were denied by the district court. J.A. 276.

On April 22, 2022, the district court sentenced Magruder to 180 months of imprisonment followed by 60 months of supervised release. This appeal followed.

---

[1] Neither party disputes that the October 25, 2019 plea hearing complied with Rule 11 of the Federal Rules of Criminal Procedure.

## II. ANALYSIS

### A.    Rule 11(d)(2)(B) Plea Withdrawal

We review for abuse of discretion the district court's denial of a motion to withdraw a guilty plea before sentencing. *Everett v. United States*, 336 F.2d 979, 983 (D.C. Cir. 1964).

Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a previously accepted guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Withdrawal "is liberally granted, although . . . not granted as a matter of right." *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993) (citing *United States v. Russell*, 686 F.2d 35, 38 (D.C. Cir. 1982)).  In deciding whether such reason exists, the court considers three factors: "(1) whether the defendant has asserted a viable claim of innocence, (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the Government's ability to prosecute the case, and (3) whether the guilty plea was somehow tainted by a violation of Rule 11." *United States v. Leyva*, 916 F.3d 14, 22 (D.C. Cir. 2019) (quoting *Ford*, 993 F.2d at 251) (internal quotation marks omitted).  The first factor requires the defendant to offer a viable claim of innocence, which this court has sometimes characterized as requiring, at a minimum, a "legally cognizable defense" that effectively denies a defendant's culpability. *See id.* at 24 (citing *United States v. Curry*, 494 F.3d 1124, 1129 (D.C. Cir. 2007)).  A guilty plea found invalid under the third factor "is all but dispositive." *Id.* at 22 (citing *United States v. Cray*, 47 F.3d 1203, 1207 (D.C. Cir. 1995)).  The "validity of a guilty plea" turns on "whether the plea represents a voluntary and intelligent choice" by the

defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted).[2]

### B. District Court's Application of First *Ford* Factor

Magruder correctly asserts that we do not require every defendant seeking to withdraw his guilty plea before sentencing to satisfy *Ford*'s first factor by asserting a "viable" innocence claim, especially if the third factor weighs heavily in the appellant's favor. Indeed, we are "very lenient when the plea was entered unconstitutionally or contrary to Rule 11 procedures. Such pleas should almost always be permitted to be withdrawn . . . regardless of whether the movant has asserted his legal innocence." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). But, without deciding whether Magruder is correct in his assertion that the district court "shut down consideration of the withdrawal of the plea because of the lack of a claim of actual innocence," we affirm the district court because the error, if any, would be harmless. Appellant's Br. 53.

In his series of motions to withdraw his guilty plea, Magruder made various Fourth Amendment challenges in district court. In some, he argued that his claims rendered him innocent under the first *Ford* factor; in others, he argued that his counsel's failure to raise his claims amounted to ineffective assistance of counsel sufficient to taint his plea under the third

---

[2] The Government does not claim that the seven-month delay between Magruder's plea and his first motion to withdraw "substantially prejudiced" its "ability to prosecute the case." *Ford*, 993 F.2d at 251 (citation omitted). Because that factor "has never been dispositive," the district court rightly focused its analysis on the first and third factors, as we do here. *Curry*, 494 F.3d at 1128 (quoting *United States v. Hanson*, 339 F.3d 983, 988 (D.C. Cir. 2003)).

*Ford* factor. In rejecting these claims as meritless, the district court noted that "Defendant Magruder *again* fails to recognize that '*suppression of evidence does not amount to legal innocence.*'" J.A. 279 (quoting *United States v. Wintons*, 468 F. App'x 231, 233 (4th Cir. 2012)). Although this statement may have suggested the court's refusal to entertain an asserted Fourth Amendment violation as the basis of an innocence claim, it would amount to, at most, harmless error. For the reasons discussed *infra*, Magruder could not have succeeded in withdrawing his plea based on the suppression motions he claims his counsel failed to assert. *See United States v. Washington*, 969 F.2d 1073, 1079 (D.C. Cir. 1992) (affirming a defendant's conviction because even though the "trial court abused its discretion . . . the error was harmless.").

### C.    Magruder's Ineffective Assistance of Counsel Claims

Magruder asserts that his original retained counsel rendered ineffective assistance by failing to raise at least two suppression claims under the Fourth Amendment. Were he correct, his guilty plea could then be considered tainted under the third *Ford* factor. *See Hill*, 474 U.S. at 56. The general test for ineffective assistance is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Curry*, 494 F.3d at 1129. Specifically, a criminal defendant asserting ineffective assistance of counsel bears the burden of showing (1) "that counsel's performance was deficient" (i.e., below an "objective standard of reasonableness") and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687–88. If the defendant asserts that counsel improperly failed to challenge a search warrant under the Fourth Amendment, a showing of *Strickland* prejudice requires both that the defendant's "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have

been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Neither of the Fourth Amendment claims Magruder asserts his counsel should have raised would have been successful and so they fail to satisfy *Strickland*'s prejudice requirement. Accordingly, there was no taint to Magruder's guilty plea under the third *Ford* factor.

### 1. *Backpack Search*

Magruder first claims that the district court erred in finding his counsel's failure to move for suppression of the backpack search did not constitute ineffective assistance. Magruder bases this claim on his assertion that the FBI agents had no intention of arresting him until *after* they discovered the heroin and thus they did not conduct a proper search incident to arrest. Relatedly, he asserts that the agents lacked probable cause before their search to believe Magruder was guilty of possessing with intent to distribute over a kilogram of heroin, the charge he ultimately faced. Both of Magruder's arguments are without merit.

"Where the formal arrest followed quickly on the heels of the challenged search of [defendant's] person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) (citing *Bailey v. United States*, 389 F.2d 305, 308 (D.C. Cir. 1967) ("Even if the formal arrest was not made until after the search, the search will be upheld so long as there is probable cause for an arrest before the search is begun.")). The Government asserts, Magruder does not contest and the district court had earlier found that, when the FBI stopped Magruder, probable cause existed to believe that Magruder was part of an ongoing conspiracy to traffic heroin.[3] Moreover,

---

[3] The March 2019 search warrant, issued less than three months before Magruder's arrest, was based on "probable cause to believe

9

Magruder's unusual travel patterns between New York and D.C., coupled with the associated telephone calls with Mosquera-Asprilla, a known drug dealer, created a substantial likelihood that Magruder was actively engaged in the furtherance of that conspiracy as he stepped off the bus in D.C. Having thus established probable cause for arrest before the search, and with the formal arrest promptly following the search, we conclude that the arrest was lawful. Nor does it matter whether the agents subjectively intended to arrest Magruder before the search or whether they announced that Magruder was under arrest before conducting the search. *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). *Cf. United States v. Thornton*, 733 F.2d 121, 123, 128 n.9 (D.C. Cir. 1984) (characterizing a search as properly incident to arrest when an officer with probable cause to arrest stated during the initial search that the defendant was not yet under arrest but then placed the defendant under arrest upon discovering narcotics).

It is also of no consequence that Magruder was not charged with conspiracy, the crime for which probable cause was most clearly established at the time of the search. As this Court has said, "even if probable cause does not support arrest for the offense charged by the arresting officer, an arrest (and search incident thereto) is nonetheless valid if the same officer had probable cause to arrest the defendant for another offense." *United States v. Bookhardt*, 277 F.3d 558, 565 (D.C. Cir. 2002). With probable cause to believe *some* crime existed before searching Magruder, as was patently the case here, the FBI agents could stop and search Magruder and his backpack

that [Magruder] . . . [was] committing . . . violations of . . . Possession with Intent to Distribute and Distribution of Controlled Substances," conspiracy to commit the same violations and money laundering. J.A. 205.

immediately before formally arresting him and were not required to charge Magruder with the same offense that supported the initial probable cause.[4]

## 2. *Louisiana Search Warrant*

For the first time on appeal, Magruder argues that his counsel failed to challenge both the Louisiana magistrate judge's jurisdiction to issue a warrant under the SCA as well as that district's venue status. Magruder presupposes that, because the FBI identified him only using the fruits of this allegedly invalid warrant, if his counsel had made the challenge and presumably succeeded, the proper remedy would have been suppression of the evidence. His counsel's failure to do so thus constitutes prejudice under the *Strickland* definition thereof and, accordingly, tips the scale in favor of a "tainted" guilty plea withdrawal under *Ford.*

But the contraband evidence would not have been suppressed. Without deciding whether the warrant satisfied the venue and jurisdictional requirements under the SCA, or whether a violation of those provisions requires suppression under the Fourth Amendment, we conclude that, even if Magruder is correct and the Louisiana magistrate acted in error, the evidence is admissible under the good-faith exception.

"[T]he marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot

---

[4] Although both sides dispute which party bears the burden to show that the FBI agents had, or lacked, probable cause to arrest when the alleged lack of probable cause supports an ineffective assistance of counsel claim, we need not decide this question. Under either proof assignment, the FBI agents had probable cause to arrest at the time of the backpack search.

justify the substantial costs of exclusion." *United States v. Leon*, 468 U.S. 897, 922 (1984). And notwithstanding not every reliance is objectively reasonable, "'a warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search'" and therefore that the evidence should not be suppressed. *Id.* (quoting *United States v. Ross*, 456 U.S. 798, 823 n.32 (1982)). The warrant that led agents to Magruder was supported by an affidavit that established probable cause to connect Magruder's telephone number to the drug-trafficking conspiracy operating in New Orleans. That affidavit systematically laid out the ties between Magruder's telephone number and Mosquera-Asprilla, a leader in a Colombian drug-trafficking conspiracy, along with that organization's ties to Mosquera-Amari, a known New Orleans drug trafficker. It is well-established that "a conspiracy prosecution may be brought in any district in which some overt act in furtherance of the conspiracy was committed by any of the co-conspirators," *United States v. Rosenberg*, 888 F.2d 1406, 1415 (D.C. Cir. 1989), and thus there is nothing unreasonable about FBI agents relying on a Louisiana magistrate judge's probable cause finding to believe that the telephone number targeted by the warrant was subject to his jurisdiction.

Nor is there merit to Magruder's argument that the Louisiana search warrant was void *ab initio*. Several years ago, the Sixth Circuit held that a search warrant issued by a magistrate judge lacking the requisite legal authority is void *ab initio* and cannot be relied upon under the good-faith exception. *See United States v. Scott*, 260 F.3d 512, 515 (6th Cir. 2001). That holding was subsequently rejected. *See United States v. Master*, 614 F.3d 236, 243 (6th Cir. 2010) ("[W]e believe that the Supreme Court's evolving suppression rulings in Fourth Amendment cases require clarification or modification of our precedent in *Scott*."). The Tenth Circuit also rejected the void

*ab initio* argument. *See United States v. Workman*, 863 F.3d 1313, 1318 (10th Cir. 2017) (the argument that a warrant "is essentially non-existent (void ab initio) when the judge lacks authority to issue the warrant . . . is foreclosed by the Supreme Court's opinions" after *Leon*). Like our sister circuits, we have no reason not to apply the good-faith exception even if the Louisiana search warrant was defective.

Finally, Magruder failed to make a Sixth Amendment claim based on the Louisiana warrant in district court but "this court does not remand every ineffective assistance of counsel claim that is initially raised on appeal." *United States v. Green-Remache*, 97 F.4th 30, 34 (D.C. Cir. 2024). We routinely do not remand if "the record conclusively shows the defendant was not prejudiced, [because] no factual development could render the claim meritorious." *Id.* (quoting *United States v. Marshall*, 946 F.3d 591, 596 (D.C. Cir. 2020)). For the reasons set forth *supra*, the record plainly requires no factual development for us to determine that Magruder's claims based on the Louisiana search warrant are meritless.

\* \* \*

For the foregoing reasons, the judgment of the district court is affirmed.

*So ordered.*